Lake James H. Perriguey, OSB No. 983213
lake@law-works.com
LAW WORKS LLC
1906 SW Madison Street
Portland, OR 97205-1718
Telephone: (503) 227-1928
Facsimile: (503) 334-2340

Lea Ann Easton, OSB No. 881413
leaston@dorsayindianlaw.com
DORSAY & EASTON LLP
1 SW Columbia Street, Suite 440
Portland, OR 97204
Telephone: (503) 790-9060
Facsimile: (503) 790-9068

Attorneys for Plaintiffs


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION


| | |
|---|---|
| **DEANNA L. GEIGER** and **JANINE M. NELSON, ROBERT DUEHMIG** and **WILLIAM GRIESAR**, | Case No: 6:13-cv-01834-MC |
| Plaintiffs, | **PLAINTIFFS GEIGER, NELSON, DUEHMIG & GRIESAR'S RESPONSE IN OPPOSITION TO MOTION TO CONSOLIDATE** |
| v. | |
| **JOHN KITZHABER**, in his official capacity as Governor of Oregon, **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon, **JENNIFER WOODWARD**, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority, and **RANDY WALRUFF**, in his official capacity as Multnomah County Assessor, | |
| Defendants. | |

Page 1   -   Response In Opposition to Motion to Consolidate

Plaintiffs Deanna Geiger and Janine Nelson, and Robert Duehmig and William Griesar (Geiger Plaintiffs), by and through undersigned counsel, file this Response to the Motion to Consolidate this case with *Rummell et al v. Kitzhaber*, 6:13-cv-02256-TC ("Rummell").   Geiger plaintiffs oppose Rummell's Motion to Consolidate based on the likelihood that the proposed consolidation will delay the resolution of their case and such delay is unfair to the Geiger plaintiffs.

## Background

The Geiger plaintiffs filed their initial complaint on October 16, 2013 (Dk # 1) and an amended complaint on December 4, 2013. (Dk# 8)  Counsel for Plaintiffs and Counsel for Defendants Kitzhaber, Rosenblum and Woodward (State defendants) and Defendant Walruff [1] conferred and agreed to waive discovery. ( Dkt. #7, November 25, 2013).   State Defendants filed their answer to the amended complaint on  December 13, 2013. (Dk# 9 &10).  Defendant Walruff filed his answer to the amended complaint on December 23, 2013.  (Dk# 13).    Geiger plaintiffs, State defendants and defendant Walruff have conferred and agreed to the following schedule for summary judgment proceedings to and to a request expedited hearing:  Geiger plaintiffs will file their motion for summary judgment requesting expedited review on or about January 9, 2014; defendants State and Walruff will file their responses on or about February 10, 2014; and Geiger plaintiffs will file their reply if any on or before February 24, 2014 .  The

---

[1] Plaintiffs misspelled Defendant Randy Walruff's surname in our initial filings and have now corrected in this pleading and regret this error.

Rummell complaint was filed on December 19, 2013[2] . The defendants named in the Rummell complaint are the same defendants named by the Geiger plaintiffs.  The Rummell complaint was served on the defendants on or about December 26, 2013.    Thus, the earliest any of the defendants in Rummell *et al*, will be required to answer the Rummell complaint is on January 16, 2014 would be after  the start of the Geiger parties'  stipulated  briefing schedule for summary judgment.   Additionally, the complaint filed by Rummell, et al, raises legal issues which may require motions under Fed.R.Civ.P. 12 prior to any answer being filed by defendants

## Argument

A court may order consolidation if the actions "involve a common question of law or fact[.]" Fed.R.Civ.P. 42(a). Under Rule 42(a), a court has broad discretion to consolidate cases pending in that district. *See, Investors Research Co. v. United States Dist. Court for Cent. Dis. of Cal.,* 877 F.2d 777 (9th Cir.1989). Such discretion, however, is not unfettered. *See Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2d Cir.1990). The court should weigh the time and effort that consolidation would save against any inconvenience, delay, or expense it would cause. *See Huene v. United States,* 743 F.2d 703, 704 (9th Cir.1984).  Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another. *Johnson v. Manhattan Ry Co* 289 U.S. 479 , 53 S.Ct. 721, 727 (1933).

---

[2] It is not clear why Rummell et al delayed filing their complaint until December 2013. Plaintiffs' counsel has been in contact with representatives of Basic Rights Oregon, the parent organization of  Rummell plaintiff, Basic Rights Education Fund, the American Civil Liberties Union of Oregon, and attorneys for Basic Rights Oregon and the American Civil Liberties Union about Plaintiff's litigation since August 2013 and had encouraged  representatives of Basic Rights Oregon to support or assist Geiger plaintiffs in this litigation.  *See, Declaration of Perriguey.*

Consolidation may be properly denied in instances where cases are at different stages of preparedness. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989). Consolidation may be denied if it "will cause delay in the processing of one or more of the individual cases." *Fisher v. Donbar Development* 2 FRD 655 (EDNY 1967). *See also, US Rubber Recycling Inv. V. Encore Intern*, Inc., 2011 WL 311014 DC Cal 2011. Consolidation is denied when the later-filed case is not yet at issue. "Since the defendant has not as yet answered herein, and the cause is not at issue, the motion of the plaintiff to consolidate for trial purposes this action with another action now pending in the fourth division of this court is prematurely made and cannot be considered by the court at this time." *Duval v. Bathrick*, 31 F. Supp. 510 (D., Minnesota 1940).

Here, the Geiger plaintiffs and defendants have determined discovery is not necessary and Geiger plaintiffs plan to file their motion for summary judgment on or about January 9, 2014. Defendants' answers to the Rummell complaint are due on or about January 16, 2014. Additionally, the Rummell complaint contains factual and legal arguments which may result in motions challenging the pleadings by the defendants prior to the defendants filing answers to the complaint. The Geiger plaintiffs' amended complaint does not contain the same factual and legal issues. Additionally, the Geiger plaintiffs are poised to file their motion for summary judgment seeking expedited consideration. If the cases are consolidated, Geiger plaintiff's case will be unfairly delayed.

This court may deny consolidation when consolidation would be prejudicial to defendants in both actions, either from having to delay resolution of the action or from having to litigate on a compressed schedule. *Ultimate Timing LLC v. Simms*, 2010 WL 1881868 (WD Wash 2010). This factor also weighs in favor of denying consolidation of the cases. The Rummell plaintiffs and their counsel have been aware of the Geiger plaintiffs' preparation of this

case since  August 2013. *See, Declaration of Lake Perriguey.*  It is not clear why they waited until December 19, 2013,  to file their complaint and to seek consolidation.   Consolidation with the current case will only cause delay in resolution of the current litigation.

The parties to this case  have agreed to  a summary judgment schedule to expeditiously resolve the important constitutional questions raised in the present case.    It is unfair and prejudicial to the Geiger plaintiffs to consolidate the cases when such consolidation will only cause uncertainty and delay to a decision on this case.    "Even though it is widely agreed that considerations of judicial economy favor consolidation, "the benefits of efficiency can never be purchased at the cost of fairness." M*alcolm v. National Gpysum,* 995 F2d 346 (2nd Cir 1993).

### Conclusion

The Geiger plaintiffs request the court deny consolidation of these cases.  Consolidation will only delay resolution of their case and it is unfair to delay their case simply based on the Rummell plaintiffs' litigation strategy.   Alternatively, if the court decides to consolidate the cases, the Geiger plaintiffs request the Court, pursuant to its authority under Fed. R. Civ. P. 42 (a)(3), issue an order that avoids unnecessary cost or delay to the prompt resolution of its case.

DATED this 3rd day of January 2013.

By: s/ Lake James H. Perriguey
Lake James H. Perriguey, OSB No. 983213

LAW WORKS LLC
1906 SW Madison Street
Portland, OR  97205-1718
Telephone:  (503) 227-1928
Facsimile:  (503) 334-2340
lake@law-works.com

By: s/ Lea Ann Easton
  Lea Ann Easton, OSB No. 881413

DORSAY & EASTON LLP
1 SW Columbia Street, Suite 440
Portland, OR  97204
Telephone:  (503) 790-9060
Facsimile:  (503) 790-9068
leaston@dorsayindianlaw.com

Attorneys for Plaintiffs