ELLEN F. ROSENBLUM
Attorney General
SHEILA H. POTTER  #993485
Deputy Chief Trial Counsel
Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Sheila.Potter@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PAUL RUMMELL and BENJAMIN WEST; LISA CHICKADONZ and CHRISTINE TANNER; BASIC RIGHTS EDUCATION FUND,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN KITZHABER, in his official capacity as Governor of Oregon; ELLEN ROSENBLUM, in her official capacity as Attorney General of Oregon; JENNIFER WOODWARD, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority, and RANDY WALDRUFF, in his official capacity as Multnomah County Assessor,<br><br>　　　　　Defendants. | Case No.  6:13-cv-02256-TC<br><br>STATE DEFENDANTS' RESPONSE TO *RUMMELL* PLAINTIFFS' MOTION TO CONSOLIDATE |

　　　　State Defendants John Kitzhaber, Ellen Rosenblum, and Jennifer Woodward file this response to express their general concern about the potential for possible delay and unnecessary costs that could result from the consolidation sought by the *Rummell* plaintiffs (Case No. 6:13-

Page 1 -　STATE DEFENDANTS' RESPONSE TO *RUMMELL* PLAINTIFFS' MOTION TO CONSOLIDATE
　　　　　SP3/cjw/4899601-v1

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

cv-02256-TC), who seek to join their suit with the *Geiger* suit (Case No. 6:13-cv-01834-MC), over the *Geiger* plaintiffs' objections. The concerns relate to the additional counsel that would be involved at every step of both suits, the additional time and costs likely to accompany two major suits tied together in litigation, and the potential for delay to resolve the central question in the cases. This is not an opposition; rather, the State Defendants seek to raise issues for the Court's consideration in rendering its decision.

The heart of each suit is a challenge to the Oregon constitutional ban on same-sex marriage (passed by an initiative vote in 2004), and the Oregon statute codifying that ban. It appears that the resolution of either suit would be a judgment by this Court on the question of whether the ban violates the rights of Oregonians under the U.S. Constitution. The Governor, Attorney General, and State Registrar are charged with enforcing those Oregon laws unless those laws are declared to be unconstitutional. None of the three is in a position to render a binding legal decision that the Oregon ban is either valid or invalid as a matter of federal law; that is for this Court to decide. The State Defendants' interest, then, is in having the central issue decided on a timeline that allows for this Court to decide that question in the most efficient but most effective manner possible, allowing for the level of briefing appropriate for the question, without excess time or excess costs in responding to two separate lawsuits seeking the same result.

As a result of their interest in having a decision rendered, the State Defendants are concerned about the possibility for consolidation to engender a delay to the resolution of the central question. If the Court determines that any delay is a necessary byproduct of additional briefing that will materially assist the Court in resolving the question, then the State Defendants have no objection.

The State Defendants have also conferred with the *Rummell* plaintiffs about their concern with the current *Rummell* Complaint – which seeks a declaration and injunction that various other unspecified Oregon laws are also violating Oregonians' rights. The State cannot effectively respond to the challenge without knowing what laws are under attack, and has asked the

Page 2 -   STATE DEFENDANTS' RESPONSE TO *RUMMELL* PLAINTIFFS' MOTION TO CONSOLIDATE
SP3/cjw/4899601-v1

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*Rummell* plaintiffs to amend their complaint. *Rummell* counsel is assessing the request. If the two cases were consolidated, motion practice over one complaint would potentially delay progress in the other, in which the pleadings are closed and the plaintiffs advise that they are prepared to move forward.

The State Defendants have no objection to the questions in these cases being briefed as thoroughly as the issues deserve.  But to the extent that the four sets of new lawyers and five additional plaintiffs are likely to result in increased costs, time, and expense for the resolution of the questions, the State Defendants ask the Court to consider the efficiencies for the parties in its decision.

DATED January   8  , 2014.

        Respectfully submitted,

        ELLEN F. ROSENBLUM
        Attorney General


            s/ Sheila H. Potter
        SHEILA H. POTTER #993485
        Deputy Chief Trial Counsel
        Trial Attorney
        Sheila.Potter@doj.state.or.us
        Of Attorneys for State Defendants

Page 3 -    STATE DEFENDANTS' RESPONSE TO *RUMMELL* PLAINTIFFS' MOTION TO CONSOLIDATE
SP3/cjw/4899601-v1

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000