JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Jenny M. Madkour, OSB No. 98298
County Attorney
Katharine von Ter Stegge, OSB No. 032300
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214-3587
Telephone:  (503) 988-3138
Facsimile:  (503) 988-3377
E-mail:          jenny.m.madkour@multco.us
                     katevts@multco.us
    Of Attorneys for Defendant Randy Walruff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| PAUL RUMMELL and BENJAMIN WEST; LISA CHICKADONZ and CHRISTINE TANNER; BASIC RIGHTS EDUCATION FUND**,**<br><br>                         Plaintiffs,<br><br>        v.<br><br>JOHN KITZHABER**,** in his official capacity as Governor of Oregon, ELLEN ROSENBLUM, in her official capacity as Attorney General of Oregon, JENNIFER WOODWARD, in her official capacity as State Registrar, Center of Health Statistics, Oregon Health Authority, and RANDY WALRUFF, in his official capacity as Multnomah County Assessor,<br><br>                         Defendants. | Civil No. 6:13-cv-02256-MC<br><br><br>DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT |

Page 1 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
        TO PLAINTIFFS' AMENDED COMPLAINT

While the rights and ability of same-sex couples to marry is of critical importance in all of the United States of America, this case arises under a factual and legal history unique to Oregon. Multnomah County finds itself in the unavoidable position of being subject to suit for currently failing to issue marriage licenses to same-sex couples, despite its history of issuing marriage licenses to same sex-couples. None of Oregon's 36 counties issue marriage licenses to same-sex couples because of the Oregon Supreme Court's ruling in *Li et al. v State*, 338 Or. 376 (2005), and because of the prohibition on same-sex marriage contained in Article 15 § 5a of the Oregon Constitution.

On March 3, 2004, Multnomah County began issuing marriage licenses to same-sex couples on the advice of the Multnomah County Attorney. Multnomah County ultimately issued more than 3000 licenses to same-sex couples in 2004. Multnomah County - together with nine same-sex couples, Basic Rights Oregon, and the American Civil Liberties Union - then sued the State of Oregon for declaratory and injunctive relief, arguing that certain state statutes describing marriage as between a husband and a wife violated Article I §20 of the Oregon Constitution prohibiting discrimination on the basis of sexual orientation or gender *(Li et al. v. State)*. Prevailing in that case would have allowed Multnomah County to continue to issue marriage licenses to same-sex couples. Multnomah County and the other plaintiffs prevailed at the trial court level, but the defendants appealed the judgment. In November 2004, voters passed Measure 36, amending the Oregon Constitution to define marriage as between one man and one woman. That amendment is set forth in Article 15 § 5a of the Oregon Constitution. In December 2004, the Supreme Court of Oregon heard argument in *Li et al. v. State*, ultimately

Page 2 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' AMENDED COMPLAINT

deciding in 2004 that Multnomah County lacked authority to issue the marriage licenses.  Only

after being directed to stop by the Supreme Court and the electorate, did Multnomah County stop

issuing marriage licenses to same-sex couples.

Plaintiffs' Amended Complaint contains important constitutional questions about the

rights and freedoms of Oregonians.  These important questions can and should be answered by

this Court.

In Answer to Plaintiffs' Amended Complaint, Defendant Walruff admits, denies, and

alleges as follows:

1.

In response to Paragraph 1, Defendant admits that Basic Rights Education Fund is a not-

for-profit organization formed under the laws of Oregon whose stated purpose is to work to

advance the rights of lesbian, gay, bisexual, and transgender Oregonians through education and

advocacy.  Defendant also admits that Paul Rummell and Benjamin West represent that they are

a loving and committed same-sex couple, and that Lisa Chickadonz and Christine Tanner

represent themselves in the same matter.  Defendant admits that Plaintiffs have brought this

action pursuant to 42 U.S.C. §1983 and seek declaratory and injunctive relief for alleged

violations of their rights under the Fourteenth Amendment to the United States Constitution due

to the inability of same-sex couples to marry in Oregon.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

Page 3 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
        TO PLAINTIFFS' AMENDED COMPLAINT

2.

In response to Paragraph 2, Defendant admits that Oregon has allowed Domestic Partnerships since 2008 and that they offer some, but not all of the legal protections afforded to married individuals in Oregon.  Defendant further admits that same-sex couples may not legally marry in Oregon due to Article I §20 of the Oregon Constitution.  The remainder of Paragraph 2 is denied for lack of information sufficient to admit or deny the allegations.

3.

In response to the allegations in Paragraph 3, Defendant admits that the Deputy Attorney General for the State of Oregon, on or about October 16, 2013, issued a legal opinion stating that Oregon could recognize same-sex marriages from other states in light of the United States Supreme Court's opinion in *United States v. Windsor.*  The remainder of the allegations contained in Paragraph 3 are denied for lack of information sufficient to admit or deny the allegations.

4.

Defendant denies the allegations contained in Paragraph 4 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

5.

Defendant admits the allegations contained in Paragraph 5.

6.

Defendant denies the allegations contained in Paragraph 6 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

Page 4 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
       TO PLAINTIFFS' AMENDED COMPLAINT

7.

Defendant admits that Plaintiffs have brought this action pursuant to 42 U.S.C. §1983 and seek declaratory and injunctive relief for alleged violations of their rights under the Fourteenth Amendment to the United States Constitution due to the inability of same-sex couples to marry in Oregon.   Defendant denies the remaining allegations contained in Paragraph 7 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

8.

Defendant denies the allegations contained in Paragraph 8 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

9.

Defendant denies the allegations contained in Paragraph 9 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

10.

Defendant denies the allegations contained in Paragraph 10 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

11.

Defendant denies the allegations contained in Paragraph 11 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

12.

Defendant denies the allegations contained in Paragraph 12 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

Page 5 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
     TO PLAINTIFFS' AMENDED COMPLAINT

13.

Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

14.

Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

15.

Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

16.

Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

17.

Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

18.

Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

19.

Defendant denies the allegations contained in Paragraph 19 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

Multnomah County Attorney
501 S.E. Hawthorne Blvd., Rm. 500
Portland, Oregon 97214-3587
(503) 988-3138

20.

Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

21.

Defendant denies the allegations contained in Paragraph 21 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

22.

Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

23.

Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

24.

In response to the allegations set forth in Paragraph 24 of the Amended Complaint, Defendant admits that Basic Rights Education Fund is a not-for-profit organization formed under the laws of Oregon whose stated purpose is to work to advance the rights of lesbian, gay, bisexual, and transgender Oregonians through education and advocacy.  Defendant denies the remainder of the allegations contained therein for lack of information sufficient to admit or deny the allegations.

25.

In response to the allegations contained in Paragraph 25 of the Amended Complaint, Defendant admits that Basic Rights Education Fund has been involved in advocating for the

Page 7 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
      TO PLAINTIFFS' AMENDED COMPLAINT

freedom for same-sex couples to marry in Oregon and was supportive of Multnomah County's decision to begin issuing marriage licenses to same sex couples at that time. Defendant further admits that Basic Rights Oregon, along with Multnomah County, the American Civil Liberties Union, and nine same-sex couples, filed a declaratory judgment action seeking a declaration that exclusion of same-sex couples from Oregon violated civil rights protections under state law. The remainder of the allegations contained therein are denied for lack of information sufficient to admit or deny the allegations.

26.

The allegations contained in Paragraph 26, subparagraphs a-e, of the Amended Complaint are denied for lack of information sufficient to admit or deny the allegations.

27.

In response to Paragraph 27 of the Amended Complaint, Defendant admits that John Kitzhaber is Governor of the State of Oregon and that Plaintiffs have identified their suit against Kitzhaber as being a suit against him in that official capacity. The remaining allegations contained therein are legal conclusions for which no response is necessary. To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

28.

In response to Paragraph 28 of the Amended Complaint, Defendant admits that Ellen Rosenblum is Attorney General of the State of Oregon and that Plaintiffs have identified their suit against Rosenblum as being a suit against her in that official capacity. The remaining allegations contained therein are legal conclusions for which no response is necessary. To the

Page 8 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
   TO PLAINTIFFS' AMENDED COMPLAINT

extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

29.

In response to Paragraph 29 of the Amended Complaint, Defendant admits that Jennifer Woodward is Registrar for the State of Oregon and that Plaintiffs have identified their suit against Woodward as being a suit against her in that official capacity. The remaining allegations contained therein are legal conclusions for which no response is necessary. To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

30.

In response to Paragraph 30 of the Amended Complaint, Defendant admits that he is the Assessor for Multnomah County and that Plaintiffs have identified their suit as being a suit against him in that official capacity. Defendant further admits in his capacity as Assessor, he is responsible for issuing marriage licenses within Multnomah County, collecting a fee for these services, and forwarding a record of each marriage in his County to the State Registrar. The remaining allegations contained therein are legal conclusions for which no response is necessary. To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

31.

The allegations contained in Paragraph 31 of the Amended Complaint are legal conclusions for which no response is necessary. To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

Page 9 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
          TO PLAINTIFFS' AMENDED COMPLAINT

32.

In response to Paragraph 32 of the Amended Complaint, Defendant admits this case raises important federal constitutional questions and is brought pursuant to 42 U.S.C. § 1983.

33.

In response to the jurisdictional allegations contained in Paragraph 33 of the Amended Complaint, Defendant admits the District Court has jurisdiction over this case because it raises federal constitutional questions.

34.

In response to the allegations contained in Paragraph 34 of the Amended Complaint, Defendant admits that venue is proper pursuant to 28 U.S.C. §1391(b).  Defendant admits that Defendants Rosenblum and Kitzhaber maintain official offices in Marion County, Oregon and further, that events alleged to have occurred in the Amended Complaint took place, and continue to take place, in this district.

35.

Defendant admits the allegations contained in Paragraph 35 of the Amended Complaint regarding the authority of the United States District Court.

36.

Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

37.

Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

Page 10 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
            TO PLAINTIFFS' AMENDED COMPLAINT

38.

Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

39.

Defendant admits the allegation contained in Paragraph 39 of the Amended Complaint.

40.

In response to the allegations contained in Paragraph 40 of the Amended Complaint, Defendant admits that the quoted text is excerpted from the statewide Voter's Pamphlet for Measure 36.  The remaining allegations contained therein are denied for lack of information sufficient to admit or deny the allegations.

41.

The allegations contained in Paragraph 41 of the Amended Complaint are denied for lack of information sufficient to admit or deny the allegations.

42.

Defendant admits that the Oregon Revised Statutes set forth in Paragraph 42 of the Amended Complaint are all summarized accurately.  The remainder of Paragraph 42 contains a legal conclusion for which no response is necessary.

43.

Defendant admits the allegations concerning Oregon Domestic Partnerships contained in Paragraph 43 of the Amended Complaint.

/// /// ///

/// /// ///

Page 11 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
       TO PLAINTIFFS' AMENDED COMPLAINT

44.

In response to Paragraph 44 of the Amended Complaint, Defendant admits that in *United States v. Windsor,* the United State Supreme Court invalidated the Defense of Marriage Act, which prevented the federal government from recognizing same-sex marriages.

45.

In response to Paragraph 45 of the Amended Complaint, Defendant admits that in October 2013, the Deputy Attorney General issued an opinion to the Department of Administrative Services that said there is a legal basis for Oregon to recognize same-sex marriages from other states.

46.

In response to Paragraph 46 of the Amended Complaint, Defendant admits that Attorney General's October 2013 opinion states that "Oregon's constitutional prohibition on same-sex marriage would likely be construed as also prohibiting recognition of out-of-state same-sex marriages.  But such a construction would likely violate the federal constitution."  Defendant further admits that the portions of the letter excerpted in Paragraph 26 of the Amended Complaint are excerpted accurately.

47.

The allegations contained in Paragraph 47 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

/// /// ///

/// /// ///

Page 12 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
                    TO PLAINTIFFS' AMENDED COMPLAINT

48.

Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

49.

In response to Paragraph 49 of the Amended Complaint, Defendant admits that Domestic Partnerships in Oregon offer some, but not all, of the legal protections of marriage in Oregon.

50.

Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

51.

Defendant denies the allegations contained in Paragraph 51 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

52.

Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

53.

Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

54.

Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

Page 13 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

55.

Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

56.

Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

57.

Defendant denies the allegations contained in Paragraph 57 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

58.

Defendant references and reincorporates here his responses to Paragraphs 1-57, *supra,* of the Amended Complaint.

**FIRST CLAIM FOR RELIEF**
**Deprivation of Due Process**
**U.S. Const. Amend. XIV**

59.

In response to Paragraph 59 of the Amended Complaint, Defendant admits that Plaintiffs have stated they bring this suit against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

60.

In response to Paragraph 60 of the Amended Complaint, Defendant admits the U.S. Constitution so states.

Page 14 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
    TO PLAINTIFFS' AMENDED COMPLAINT

61.

The allegations contained in Paragraph 61 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

62.

The allegations contained in Paragraph 62 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

63.

In response to Paragraph 63 of the Amended Complaint, Defendant admits that the Due Process Clause, generally speaking, protects an individual's right to familial integrity and association. The remaining allegations contained in Paragraph 63 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

64.

The allegations contained in Paragraph 64 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

65.

The allegations contained in Paragraph 65 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

Page 15 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
     TO PLAINTIFFS' AMENDED COMPLAINT

66.

The allegations contained in Paragraph 66 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

67.

The allegations contained in Paragraph 67 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

68.

The allegations contained in Paragraph 68 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

69.

The allegations contained in Paragraph 69 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

**SECOND CLAIM FOR RELIEF**
**Deprivation of Equal Protection**
**U.S. Const. Amend. XIV**

70.

Defendant references and reincorporates here his responses to Paragraphs 1-69, *supra,* of the Amended Complaint.

Page 16 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
        TO PLAINTIFFS' AMENDED COMPLAINT

71.

In response to Paragraph 71 of the Amended Complaint, Defendant admits that Plaintiffs have stated they bring this suit against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

72.

In response to Paragraph 72 of the Amended Complaint, Defendant admits the U.S. Constitution so states.

73.

The allegations contained in Paragraph 73 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

74.

The allegations contained in Paragraph 74 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

75.

The allegations contained in Paragraph 75 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

/// /// ///

/// /// ///

/// /// ///

Page 17 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
        TO PLAINTIFFS' AMENDED COMPLAINT

76.

The allegations contained in Paragraph 76 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

77.

The allegations contained in Paragraph 77 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

78.

The allegations contained in Paragraph 78 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

79.

Defendant denies the allegations contained in Paragraph 79 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

80.

Defendant denies the allegations contained in Paragraph 80 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

81.

Defendant denies the allegations contained in Paragraph 81 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

Multnomah County Attorney
501 S.E. Hawthorne Blvd., Rm. 500
Portland, Oregon 97214-3587
(503) 988-3138

82.

Defendant denies the allegations contained in Paragraph 82 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

83.

Defendant denies the allegations contained in Paragraph 83 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

**Discrimination Based on Sexual Orientation**

84.

The allegations contained in Paragraph 84 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

85.

The allegations contained in Paragraph 85 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

86.

Defendant denies the allegations contained in Paragraph 86 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

87.

Defendant denies the allegations contained in Paragraph 87 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

Multnomah County Attorney
501 S.E. Hawthorne Blvd., Rm. 500
Portland, Oregon 97214-3587
(503) 988-3138

88.

Defendant denies the allegations contained in Paragraph 88 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

89.

Defendant denies the allegations contained in Paragraph 89 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

90.

Defendant denies the allegations contained in Paragraph 90 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

91.

Defendant denies the allegations contained in Paragraph 91 of the Amended Complaint for lack of information sufficient to admit or deny the allegations.

**Discrimination Based on Sex**

92.

The allegations contained in Paragraph 92 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

93.

In response to Paragraph 93 of the Amended Complaint, Defendant admits that current Oregon law prevents same-sex couples generally, and these individual Plaintiffs specifically, from entering into same-sex marriages.

Page 20 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
         TO PLAINTIFFS' AMENDED COMPLAINT

94.

The allegations contained in Paragraph 94 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

95.

The allegations contained in Paragraph 95 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

96.

The allegations contained in Paragraph 96 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

**Discrimination With Respect to Fundamental Rights and Liberty Interests Secured by the Due Process Clause**

97.

The allegations contained in Paragraph 97 of the Amended Complaint are legal conclusions for which no response is necessary.  To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

**DECLARATORY AND INJUNCTIVE RELIEF**

**28 U.S.C §§ 2201 and 2202; Federal Rules of Civil Procedure, Rules 57 and 65**

98.

Defendant references and reincorporates here his responses to Paragraphs 1-97, *supra,* of the Amended Complaint.

Page 21 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
      TO PLAINTIFFS' AMENDED COMPLAINT

99.

In response to Paragraph 99 of the Amended Complaint, Defendant states that this case involves important constitutional questions that can and should be addressed by this Court. The allegations contained in Paragraph 99 of the Amended Complaint are legal conclusions for which no response is necessary. To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

100.

The allegations contained in Paragraph 100 of the Amended Complaint are legal conclusions for which no response is necessary. To the extent a response is required, those allegations are denied for lack of sufficient information with which to admit or deny the allegations.

101.

In response to Paragraph 101 of the Amended Complaint, Defendant admits that Oregon Domestic Partnerships afford same-sex couples some, but not all, of the protections of marriage. Defendant further admits that the State of Oregon now recognizes out-of-state same sex marriages. The remaining allegations contained in Paragraph 101 of the Amended Complaint are legal conclusions for which no response is necessary. To the extent a response is required, those allegations are denied for lack of information sufficient to admit or deny the allegations.

102.

Defendant Walruff denies all allegations of wrongdoing whatsoever. To the extent that Plaintiffs' allegations are not expressly admitted herein, they are denied.

Page 22 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' AMENDED COMPLAINT

In further Answer to Plaintiffs' Complaint and AS DEFENDANT WALRUFF'S AFFIRMATIVE DEFENSES, Defendant asserts as follows:

103.

**First Affirmative Defense**
(Failure to State a Claim)

Plaintiffs have failed to state a claim upon which relief may be granted.

104.

**Second Affirmative Defense**
(Qualified Immunity)

Defendant Walruff is qualifiedly immune from suit because he violated no clearly established rights of which a reasonable person would have known.

105.

**Third Affirmative Defense**
(Statute of Limitations)

Plaintiffs' claims are outside the applicable statute of limitations and are therefore expired.

106.

**Fourth Affirmative Defense**
(Ripeness/Mootness)

Plaintiffs' claims may not be justiceable for mootness and/or lack of ripeness.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

Page 23 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
        TO PLAINTIFFS' AMENDED COMPLAINT

107.

**Fifth Affirmative Defense**
(Immunity)

Defendant is entitled to immunity from suit because, due to the current state of the law, he cannot issue marriage licenses to same sex couples without violating the Oregon Constitution and ORS 106.110, which makes it a violation of law to issue marriage licenses to individuals other than as a husband and a wife.

WHEREFORE, Defendant Walruff respectfully requests that this Court grant any and all relief the Court determines to be just and proper. Defendant Walruff also respectfully requests that he not be ordered to pay any attorney's fees to Plaintiffs should they prevail in this action. None of Oregon's 36 counties issue marriage licenses to same-sex couples. Multnomah County issued marriage licenses to same-sex couples until receiving clear direction to stop from the courts and the electorate; now, as a matter of equity, Multnomah County, by and through Defendant Walruff, should not be ordered to pay fees. The County is not the cause-in-fact of any harm to Plaintiffs.

Defendant Walruff reserves the right to add further affirmative defenses as discovery commences.

DATED this 12th day of February, 2014.

Respectfully submitted,

JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
**/s/ Katharine von Ter Stegge**

_____
Jenny M. Madkour, OSB No. 98298
County Attorney
Katharine von Ter Stegge, OSB No. 032300
  Of Attorneys for Defendant Walruff

Page 24 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
     TO PLAINTIFFS' AMENDED COMPLAINT