Roger K. Harris (OSB No. 78046)
HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR 97035
(503) 968-1475; (503) 968-2003 Fax
roger@hbclawyers.com

John C. Eastman (Cal. Bar No. 193726)*
CENTER FOR CONSTITUTIONAL JURISPRUDENCE
c/o Chapman University Fowler School of Law
One University Dr.
Orange, CA 92866
(877) 855-3330; (714) 844-4817 Fax
jeastman@chapman.edu
  * Application for Admission Pro Hac Vice pending

Attorneys for Proposed Intervenor

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DEANNA L. GEIGER**, **JANINE M. NELSON, ROBERT DUEHMIG** and **WILLIAM GRIESAR**,<br><br>                   *Plaintiffs*,<br>v.<br><br>**JOHN KITZHABER**, in his official capacity as Governor of Oregon; **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon; **JENNIFER WOODWARD**, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority; and **RANDY WALDRUFF**, in his official capacity as Multnomah County Assessor,<br>                   *Defendants*, | Case No.: 6:13-cv-01834-MC (Lead Case)<br>Case No.: 6:13-cv-02256-MC (Trailing Case)<br><br>INTERVENOR'S PROPOSED ANSWER TO RUMMELL PLAINTIFFS' FIRST AMENDED COMPLAINT |

and

**NATIONAL ORGANIZATION FOR MARRIAGE, INC.**, on behalf of their Oregon members,

                *Proposed Intervenor*.

---

**PAUL RUMMELL** and **BENJAMIN WEST; LISA CHICKADONZ** and **CHRISTINE TANNER; BASIC RIGHTS EDUCATION FUND**,

                *Plaintiffs*,

v.

**JOHN KITZHABER**, in his official capacity as Governor of Oregon; **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon; **JENNIFER WOODWARD**, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority; and **RANDY WALDRUFF**, in his official capacity as Multnomah County Assessor,

                *Defendants*,

and

**NATIONAL ORGANIZATION FOR MARRIAGE, INC.**, on behalf of their Oregon members,

                *Proposed Intervenor*.

Pursuant to FRCP 24(c) Intervenor, NATIONAL ORGANIZATION FOR MARRIAGE, INC. ("Intervenor"), submits its pleading in answer to the Rummell Plaintiffs' First Amended Complaint, setting out the defenses and claims for which intervention is sought which is attached hereto as Exhibit A and incorporated herein by this reference. This submission is filed contemporaneously with its Motion to Intervene Pursuant to FED. R. CIV. P. 24, Memorandum

in Support of Motion to Intervene and Declaration of Brian S. Brown. Upon the court's order allowing intervention the attached responsive pleading will be filed.

Dated this 21st of April, 2014.        s/ Roger K. Harris
                                                Roger K. Harris (OSB No. 78046)
                                                HARRIS BERNE CHRISTENSEN LLP

                                                John C. Eastman (Cal. Bar No. 193726)*
                                                CENTER FOR CONSTITUTIONAL JURISPRUDENCE

                                                Attorneys for Intervenor
                                                National Organization for Marriage,
                                                on behalf of its Oregon members

                                                * Pro Hac Vice Application pending

Roger K. Harris (OSB No. 78046)
HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR 97035
(503) 968-1475; (503) 968-2003 Fax
roger@hbclawyers.com

John C. Eastman (Cal. Bar No. 193726)*
CENTER FOR CONSTITUTIONAL JURISPRUDENCE
c/o Chapman University Fowler School of Law
One University Dr.
Orange, CA 92866
(877) 855-3330; (714) 844-4817 Fax
jeastman@chapman.edu
  * Application for Admission Pro Hac Vice pending

Attorneys for Proposed Intervenor

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DEANNA L. GEIGER**, **JANINE M. NELSON, ROBERT DUEHMIG** and **WILLIAM GRIESAR**,<br><br>                    *Plaintiffs*,<br>v.<br><br>**JOHN KITZHABER**, in his official capacity as Governor of Oregon; **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon; **JENNIFER WOODWARD**, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority; and **RANDY WALDRUFF**, in his official capacity as Multnomah County Assessor,<br>                    *Defendants*, | Case No.: 6:13-cv-01834-MC (Lead Case)<br>Case No.: 6:13-cv-02256-MC (Trailing Case)<br><br>INTERVENOR'S ANSWER TO RUMMELL PLAINTIFFS' AMENDED COMPLAINT |

<u>**EXHIBIT A**</u>
<u>**Page 1 of 15**</u>

INTERVENOR'S ANSWER TO RUMMELL PLAINTIFFS' AMENDED COMPLAINT - 1

and

**NATIONAL ORGANIZATION FOR MARRIAGE, INC.**, on behalf of their Oregon members,

    *Proposed Intervenor*.

---

**PAUL RUMMELL** and **BENJAMIN WEST; LISA CHICKADONZ** and **CHRISTINE TANNER; BASIC RIGHTS EDUCATION FUND**,

    *Plaintiffs*,

v.

**JOHN KITZHABER**, in his official capacity as Governor of Oregon; **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon; **JENNIFER WOODWARD**, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority; and **RANDY WALDRUFF**, in his official capacity as Multnomah County Assessor,

    *Defendants*,

and

**NATIONAL ORGANIZATION FOR MARRIAGE, INC.**, on behalf of their Oregon members,

    *Proposed Intervenor*.

  Proposed Intervenor National Organization for Marriage, Inc. ("NOM") responds to the allegations stated in the *Rummell* plaintiffs' Amended Complaint as set forth below. References to paragraphs in this Answer are references to the numbered paragraphs in the Amended Complaint.

/ / /

/ / /

INTERVENOR'S ANSWER TO RUMMELL PLAINTIFFS' AMENDED COMPLAINT - 2

## INTRODUCTION

1.       NOM lacks the knowledge sufficient to admit or deny the allegations specific to the named individual plaintiffs in paragraphs 1 – 3.  On information and belief, NOM admits the allegations in paragraph 1 relating to the identity and mission of plaintiff Basic Rights Education Foundation.  The remainder of paragraph describes the claims for lease, to which no response is needed.  Nevertheless, NOM denies that Oregon's marriage laws violate Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.

2.       NOM admits that marriage plays a unique role in society, but denies that its role is limited to recognizing a couple's commitment to each other.  NOM lacks the knowledge sufficient to admit or deny whether Plaintiffs have formed committed, enduring bonds.  NOM denies that Oregon's long-standing definition of marriage denies anyone equal respect.  NOM admits that Oregon statutory law provides for same-sex couples to register as domestic partners.  NOM admits that domestic partners have many of the same legal benefits as married couples.  NOM denies that Article 15 § 5a of the Oregon Constitution "singles out lesbian and gay Oregonians by excluding them from the freedom to marry."

3.       NOM admits that the Attorney General of Oregon has refused to enforce the provision of Article 15 § 5a of the Oregon Constitution prohibiting the State from recognizing as "marriage" same-sex relationships that have been deemed marriages in other jurisdictions.  NOM denies that the prohibition "would likely be unconstitutional after the Supreme Court's decision in *United States v. Windsor.*  NOM admits that the Chief Operating Officer of the Oregon Department of Administrative Services, Michael Jordon, directed all state agencies to recognize as "marriages" same-sex relationships treated as marriages outside of Oregon, in contravention

**EXHIBIT A**
**Page 3 of 15**

INTERVENOR'S ANSWER TO RUMMELL PLAINTIFFS' AMENDED COMPLAINT - 3

of Article 15 § 5a of the Oregon Constitution. NOM admits that Oregon's definition of marriage as between one man and one woman does not encompass same-sex relationships.

4. NOM denies that Oregon's definition of marriage inflicts serious and irreparable harm upon anyone. NOM lacks the knowledge sufficient to admit or deny whether Plaintiffs Paul and Ben are unmarried, of why they wish to marry. NOM denies that Paul and Ben, two men, can together have a "child," as that is a biological impossibility.

5. On information and belief, NOM admits the allegations in paragraph 5 relating to the identity and mission of plaintiff Basic Rights Education Foundation.

6. The first sentence of paragraph 6 states legal conclusion to which no response is needed or made. NOM admits that the vitality of marriage does not depend on maintaining anti-miscegenation laws or laws denying married women legal independence and the right to make decisions for themselves. NOM denies that redefining marriage to encompass same-sex relationships would be no different. NOM admits that some states have begun experimenting with a genderless definition of marriage, but denies that one can conclude that marriage will not be effected by those experiments.

7. NOM denies that redefining marriage to encompass same-sex relationships is necessary to secure Plaintiffs' rights to due process and equal protection of the law. NOM denies that there are myriad serious harms inflicted on Plaintiffs by Oregon's definition of marriage. The rest of paragraph 7 describes the claims brought and relief sought, to which no answer is needed.

8. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 8.

9. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 9.

10. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 10.

11. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 11.

12. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 12.

13. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 13.

14. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 14.

15. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 15.

16. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 16.

17. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 17.

18. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 18.

19. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 19.

20. NOM denies that the State of Oregon recognized that Plaintiffs' Lisa and Chris were married. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the remaining allegations in paragraph 20.

21. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 21.

22. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 22.

23. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 23.

24. On information and belief, NOM admits the allegations in paragraph 24 relating to the identity and mission of plaintiff Basic Rights Education Foundation.

25. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations in paragraph 25.

26. NOM denies that Oregon's definition of marriage injures anyone. NOM denies that Oregon's definition of marriage promotes the impression that gay men, lesbians, and bisexuals are less than equal members of the civic community, or that it disproportionality impacts people of color. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the remaining allegations in paragraph 26 a-c. NOM denies that Oregon's definition of marriage imposes significant and unique burdens on transgender people. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the remaining allegations in paragraph 23d-e.

27. NOM admits the allegations in the first three sentences of paragraph 27. NOM denies that the Governor has legal authority to appoint heads of various agencies with responsibility for

**EXHIBIT A**
**Page 6 of 15**

INTERVENOR'S ANSWER TO RUMMELL PLAINTIFFS' AMENDED COMPLAINT - 6

recognizing the marriages of same-sex couples, as that responsibility is prohibited by Article 15 § 5a of the Oregon Constitution. The remaining allegations of paragraph 27 state conclusions of law for which no response is needed.

28. Paragraph 28 states conclusions of law for which no response is needed. Nevertheless, NOM denies that the Attorney General has authority to unilaterally determine that a provision of the Oregon Constitution is unconstitutional, when governing U.S. Supreme Court precedent holds otherwise, and on that basis refuse to defend or actively challenge the constitutionality of provisions of the Oregon Constitution or Oregon law.

29. Paragraph 29 states conclusions of law for which no response is needed.

30. Paragraph 30 states conclusions of law for which no response is needed.

31. NOM admits that Defendants are responsible for enforcing Oregon's marriage laws. NOM denies that Defendants' actions enforcing Oregon's marriage laws proximately caused any harm to Plaintiffs, or that Plaintiffs will be irreparably injured if Defendants are not enjoined. The final sentence of Paragraph 31 describes the relief sought, to which no response is needed.

32. The allegations in Paragraph 32 describe the relief sought, to which no response is needed. NOM denies that Plaintiffs have been deprived of rights secured by the United States Constitution.

33. Paragraph 33 states legal conclusions, to which no response is necessary. NOM contests the Court's jurisdiction to the extent that, absent its intervention, this is a collusive suit depriving the Court of the "case or controversy" necessary for jurisdiction under Article III of the United States Constitution.

34. Paragraph 34 states legal conclusions, to which no response is necessary. NOM does not contest Venue.

35. NOM denies that, absent its intervention, this Court has the authority to enter declaratory and injunctive relief to the extent this is a collusive suit depriving the Court of the "case or controversy" necessary for jurisdiction under Article III of the United States Constitution.

36. Paragraph 36 states legal conclusions, to which no response is necessary.

37. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the allegations in the first two sentences of Paragraph 37. The remainder of the paragraph states legal conclusions to which no response is needed. Nevertheless, NOM denies that Oregon's marriage laws subject Plaintiffs to an "inferior 'second class' status" or that they deprive Plaintiffs and their children of equal dignity, security, and legal protections afforded to other Oregon families.

38. NOM denies that Plaintiff couples are legally qualified to marry under the laws of Oregon. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the remaining allegations of Paragraph 38.

39. NOM admits Paragraph 39.

40. NOM admits that Measure 36 passed, but denies that it passed "narrowly." NOM denies that Proponents of Measure 36 secured passage by leveraging public fear of and animus against gay men and lesbians. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the allegations in the remainder of Paragraph 40.

41. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the allegations in the first sentence of Paragraph 41. NOM denies the allegations in the second sentence of Paragraph 41.

42. Paragraph 42 quotes statutes. The statutes speak for themselves.

43. Paragraph 43 states conclusions of law to which no response is needed.

44. NOM denies that the *Windsor* decision struck down the entire "Defense of Marriage Act, and NOM denies Plaintiffs' characterization of the Defense of Marriage Act.

45. NOM admits that on October 16, 2013, the Deputy Attorney General issued an opinion letter directing Oregon officials to recognize as "marriage" same-sex relationships deemed married in other states, in violation of Article 15 § 5a of the Oregon Constitution. The letter speaks for itself as to what it states.

46. Paragraph 46 quotes content of a Deputy Attorney General letter. The letter speaks for itself.

Heading C. NOM denies that Oregon's marriage laws inflict profound harm on Plaintiffs.

47. Paragraph 47 states legal conclusions to which no response is needed.

48. Paragraph 48 states legal conclusions to which no response is needed.

49. Paragraph 49 states legal conclusions to which no response is needed.

50. NOM denies that Plaintiffs are harmed by Oregon's marriage laws. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the remaining allegations in Paragraph 50.

51. NOM denies that Oregon's marriage laws impose "substantive and dignitary inequities on committed same-sex couples," or that they cause harms to children. NOM admits the second sentence of Paragraph 51, and denies the remainder of Paragraph 51.

52. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the allegations in the first sentence of Paragraph 52. The second sentence states a legal conclusion to which no response is needed. Nevertheless, NOM denies that

Oregon's marriage laws mark children being raised by same-sex couples with a badge of inferiority.

53. NOM admits that government policies can be a powerful teacher. NOM denies that Oregon's marriage laws convey any message about the worthiness of same-sex relationships, or encourage others to discriminate against same-sex couples.

54. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the allegations in the first sentence of Paragraph 54. NOM denies that Oregon's marriage laws encourage disrespect of committed same-sex couples and any children being raised by them.

Heading D states legal conclusions to which no response is needed.

55. Paragraph 55 states legal conclusions to which no response is needed.

56. The first sentence of Paragraph 56 describes the content of a letter. The letter speaks for itself. NOM denies the validity of the letter's conclusion, as summarized by Plaintiffs. The second sentence predicts what will happen in the future, to which no response is needed, but NOM denies the validity of Plaintiffs' prediction.

57. NOM denies the allegations of Paragraph 57.

58. NOM incorporates by reference its responses to paragraphs 1 through 57.

59. Paragraph 59 describes the relief sought, for which no response is needed.

60. Admit.

61. Paragraph 61 states legal conclusions to which no response is needed. Nevertheless, NOM denies that Oregon's marriage laws violate the due process guarantee of the Fourteenth Amendment.

62. Paragraph 62 states legal conclusions to which no response is needed.  Nevertheless, NOM denies that the right to marry someone of the same sex if one of the fundamental liberty interests protected by the Due Process Clause of the Fourteenth Amendment.  NOM denies that enforcing Oregon's marriage laws infringes Plaintiffs' constitutional rights.

63. Paragraph 63 states legal conclusions to which no response is needed.  Nevertheless, NOM denies that enforcing Oregon's marriage laws infringes Plaintiffs' constitutional rights.

64. Paragraph 64 states legal conclusions to which no response is needed.  Nevertheless, NOM denies that Defendant Kitzhaber's enforcement of Oregon's marriage laws violates any fundamental right of Plaintiffs or any other constitutional rights of Plaintiffs.

65. Paragraph 65 states legal conclusions to which no response is needed.  Nevertheless, NOM denies that Defendant Rosenblum's enforcement of Oregon's marriage laws violates any fundamental right of Plaintiffs or any other constitutional rights of Plaintiffs.

66. Paragraph 66 states legal conclusions to which no response is needed.  Nevertheless, NOM denies that Defendant Woodward's enforcement of Oregon's marriage laws violates any fundamental right of Plaintiffs or any other constitutional rights of Plaintiffs.

67. Paragraph 67 states legal conclusions to which no response is needed.  Nevertheless, NOM denies that Defendant Waldruff's enforcement of Oregon's marriage laws violates any fundamental right of Plaintiffs or any other constitutional rights of Plaintiffs.

68. Paragraph 68 states legal conclusions to which no response is needed.  Nevertheless, NOM denies that Oregon's marriage laws violate any fundamental right of Plaintiffs or any other constitutional rights of Plaintiffs.

69. Paragraph 69 states legal conclusions to which no response is needed.

70. NOM incorporates by reference its responses to paragraphs 1 through 69.

71. Paragraph 59 describes the relief sought, for which no response is needed.

72. Admit.

73. Paragraph 73 states legal conclusions to which no response is needed. Nevertheless, NOM denies that Oregon's marriage laws violate the Equal Protection Clause of the Fourteenth Amendment.

74. Paragraph 74 states legal conclusions to which no response is needed. Nevertheless, NOM denies that Defendant Kitzhaber's enforcement of Oregon's marriage laws violates Plaintiffs' equal protection rights.

75. Paragraph 75 states legal conclusions to which no response is needed. Nevertheless, NOM denies that Defendant Rosenblum's enforcement of Oregon's marriage laws violates any fundamental right of Plaintiffs or any other constitutional rights of Plaintiffs.

76. Paragraph 76 states legal conclusions to which no response is needed. Nevertheless, NOM denies that Defendant Woodward's enforcement of Oregon's marriage laws violates Plaintiffs' equal protection rights.

77. Paragraph 77 states legal conclusions to which no response is needed. Nevertheless, NOM denies that Defendant Waldruff's enforcement of Oregon's marriage laws violates Plaintiffs' equal protection rights.

78. Paragraph 78 states legal conclusions to which no response is needed. Nevertheless, NOM denies that Oregon's marriage laws violate Plaintiffs' equal protection rights, brand anyone as second-class citizens, foster private bias and discrimination, instruct anyone about the worthiness of same-sex relationships, or reflect moral disapproval and antipathy toward lesbians, gay men, and bisexuals.

79. Paragraph 79 states legal conclusions to which no response is needed. Nevertheless, NOM denies that same-sex couples are identical to different-sex couples in all of the characteristics relevant to marriage.

80. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the allegations in Paragraph 80.

81. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the allegations in Paragraph 81.

82. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the allegations in Paragraph 82.

83. The first sentence of Paragraph 83 states legal conclusions to which no response is needed. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the allegations in the second sentence of Paragraph 83.

84. Paragraph 84 states legal conclusions to which no response is needed. Nevertheless, NOM denies that Oregon's marriage laws "target" lesbian and gay Oregonians or discriminates against them on the basis of sexual orientation either facially or as applied.

85. Paragraph 85 states legal conclusions to which no response is needed.

86. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the allegations in Paragraph 86.

87. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the allegations in Paragraph 87.

88. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the allegations in Paragraph 88.

89. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies, the allegations in Paragraph 89.

90. Paragraph 90 states legal conclusions to which no response is needed.

91. Paragraph 91 states legal conclusions to which no response is needed.

92. Paragraph 92 states legal conclusions to which no response is needed.

93. Paragraph 93 states legal conclusions to which no response is needed.

94. Paragraph 94 states legal conclusions to which no response is needed.

95. Paragraph 95 states legal conclusions to which no response is needed.

96. Paragraph 96 states legal conclusions to which no response is needed.

97. Paragraph 97 states legal conclusions to which no response is needed.

98. NOM incorporates by reference its responses to paragraphs 1 through 97.

99. Paragraph 99 states legal conclusions to which no response is needed.

100. Paragraph 100 states legal conclusions to which no response is needed.

101. Paragraph 101 states legal conclusions to which no response is needed. Nevertheless, NOM denies that Oregon law recognizes out-of-state "marriages" of same-sex couples, denies that Oregonians who voted in favor of Measure 36 will incur little or no burden in having their votes negated, denies that Plaintiffs will suffer severe hardship if marriage is not redefined in Oregon, and denies that the balance of hardships tips strongly in favor of Plaintiffs.

102. The remainder of the Amended Complaint stays the prayer for relief, for which no response is needed.

/ / /

/ / /

/ / /

## FIRST AFFIRMATIVE DEFENSE

(Lack of Article III Jurisdiction, Collusive Suit)

49. To the extent Defendants fail to contest Plaintiffs' constitutional challenges to Oregon's marriage laws, and absent intervention by some party with standing to defend those laws, there is no case or controversy and this Court does not have jurisdiction under Article III of the United States Constitution.

Dated this _____ of April, 2014.

        Roger K. Harris (OSB No. 78046)
        HARRIS BERNE CHRISTENSEN LLP

        John C. Eastman (Cal. Bar No. 193726)*
        CENTER FOR CONSTITUTIONAL JURISPRUDENCE

        Attorneys for Proposed Intervenor
        National Organization for Marriage,
        on behalf of its Oregon members

        * Pro Hac Vice Application pending